**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AOB PRODUCTS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NANYANG JIANLING TRADING CO., LTD.,<br><br>Defendant. | Case No. 1:24-cv-00472<br><br>**Hon. John F. Kness**<br><br>**Magistrate Judge Sunil R. Harjani** |

**PLAINTIFF'S MOTION FOR ELECTRONIC
SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Pursuant to Federal Rules of Civil Procedure 4(f)(3), Plaintiff AOB Products Company ("AOB") seeks this Court's authorization to effectuate service of process by electronic means on defendant Nanyang Jianling Trading Co., Ltd. ("Defendant"). AOB submits that providing notice via electronic means is reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and afford the opportunity to present their objections.

**BACKGROUND**

Defendant is an Amazon seller, and does business and has done business and sold products to consumers within this District through online commerce sites, including Amazon.com. Defendant's Amazon listing does not provide a reliable name and street address by which customers can contact the seller. None of Defendant's Amazon seller page, Amazon storefront, or Amazon product listings provide valid contact information. Due to this, Defendant's only method of communication with its customers is through electronic means.

On January 18, 2024, AOB filed its Complaint. On the day of filing the Complaint, Defendant contacted AOB through Amazon's chat portal with a series of messages related to the

Complaint (attached as Ex. A). In one message, Defendant indicated that it owned a trademark with registration number 97635266. Ex. A at 3. This trademark listed Xinshuo Wang as the attorney of record. Ex. B at 61. Since this initial contact, AOB and Defendant have been communicating via the Amazon chat function. Ex. A. Additionally, AOB received an email discussing the subject matter of the Complaint; AOB is assuming that the sender is a representative of Defendant. *See* Ex. C.

Because Defendant operates exclusively as an online business and AOB cannot identify any legitimate name or physical address to effect service of process, AOB seeks to serve Defendant by completing each of the following: (1) delivering a copy of the Complaint and Summons via Amazon's chat portal, which has been the primary means that AOB and Defendant have discussed the Complaint; (2) delivering a copy of the Complaint and Summons via overnight mail to Xinshuo Wang (the attorney of record on the trademark identified by Defendant); and (3) delivering a copy of the Complaint and Summons via email to 1401349837@qq.com, which is the email that contacted AOB regarding the subject matter of the Complaint. This method of service has been allowed by this Court, and has proven to be an effective means of providing service of process.

**ARGUMENT**

While Defendant sells products in the United States, its physical location is uncertain. However, Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)) (attached as Ex. D). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Rio Props.*, 284 F.3d at 1017. The Court reached this conclusion, in

part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.* Indeed, *Rio Properties* recognized that alternate forms of service pursuant to Rule 4(f)(3) are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *Id.* at 1018.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods before motioning the court for relief under Rule 4(f)(3). *Id.* at 1014–15. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* Lastly, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See* Ex. D at 3 (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, No. 16-20817, 2018 U.S. App. LEXIS 2976 (5th Cir. Feb. 7, 2018)) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3).").

AOB now seeks to effectuate service of process through the methods specified above. In light of AOB's electronic communication with Defendant, service of process via the same electronic means is the best method to ensure that Defendant receives notice of this present lawsuit. Accordingly, the Court should exercise its discretion to allow AOB to serve Defendant via electronic means.

Dated: February 16, 2024

Respectfully submitted,

By: /s/ Devon C. Beane

Devon C. Beane (IL6303129)
K&L GATES LLP
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
devon.beane@klgates.com

*Attorney for Plaintiff AOB Products Company*