# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AOB PRODUCTS COMPANY,<br><br>                Plaintiff,<br><br>    v.<br><br>NANYANG JIANLING TRADING CO., LTD.,<br><br>                Defendant. | Case No. 1:24-cv-00472<br><br>**Hon. John F. Kness**<br><br>**Magistrate Judge Sunil R. Harjani** |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLEADINGS AND MOTION FOR ENTRY OF DEFAULT

Plaintiff AOB Products Company ("AOB") moves to strike Nanyang Jianling Trading Co., Ltd.'s ("Defendant") Amended Complaint. ECF No. 10. Pursuant to Federal Rules of Civil Procedure 55, Plaintiff additionally moves for entry of default against Defendant based on Plaintiff's action for infringement of U.S. Patent No. 10,514,225.

I.     **STATEMENT OF THE FACTS**

On January 18, 2024, AOB filed its Complaint. ECF No. 1. On August 27, 2024, the Court granted Plaintiff's motion for electronic service of process under Rule 4(f)(3) of the Federal Rules of Civil Procedure. *See* ECF No. 8 (granting ECF No. 7). Plaintiff timely served the Defendant on August 28, 2024. *See* ECF No. 9. Defendant's answer was due September 18, 2024. Defendant has not pled or appeared to defend this action within the time prescribed by the Federal Rules of Civil Procedure 12. Rather, Defendant filed an "Amended Complaint" that purports to, but does not, respond to the allegations of the Complaint. ECF No. 10. This pleading is procedurally improper for numerous reasons and should be stricken.

II.     **JURISDICTION**

The Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b). This Court has personal jurisdiction over Defendant because Defendant has committed acts of infringement within this District and regularly transacts business in this District. Moreover, Defendant engages in other persistent courses of conduct and derives substantial revenue from products provided in this District and has purposefully established substantial, systematic, and continuous contacts within this District. Without the benefit of an evidentiary hearing, a plaintiff bears only the burden of alleging a *prima facie* case for personal jurisdiction; the plaintiff's asserted facts should be accepted as true, and any factual determinations should be resolved in its favor. *See uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 423 (7th Cir. 2010).

1

### III. ARGUMENT

#### A. Defendant's Pleading Should Be Stricken

Defendant's filed pleading (ECF No. 10) should be stricken because Defendant is a corporation, and a corporation cannot appear in federal court unless represented by legal counsel. *See, e.g.*, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel."); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court."); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F. 2d 1423, 1427 (7th Cir. 1985) ("A corporation must appear by counsel, or not at all."). There have been no appearances filed on behalf of Defendant. For this reason alone, the pleading should be stricken.

Moreover, Defendant purports its filing to be an "Amended Complaint"—despite being the *defendant* in this matter without a complaint to amend. The issues are apparent. And without clarity on what is being filed, Plaintiff cannot determine how to move forward. Finally, Defendant's pleading cannot be viewed as responsive. "In responding to a pleading, a party must … admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). The filed pleading does not respond to Plaintiff's Complaint (ECF No. 1), let alone admit or deny the allegations of Plaintiff's Complaint. Because Defendant's pleading is an impermissible filing, the Complaint should be stricken under Federal Rule of Civil Procedure 12(f).

#### B. THE REQUIREMENTS FOR ENTRY OF DEFAULT ARE SATISFIED

Defendant did not file a responsive pleading, and thus default judgment is appropriate. *See* Fed. R. Civ. P. 12(a)(1)(A). Under Federal Rule of Civil Procedure 55(b)(2), the Court may enter

2

default judgment, which establishes, as a matter of law, that the defendant is liable to the plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court enters default judgment, the factual allegations of the complaint are taken as true and may not be challenged. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. §271(a). In the Complaint, Plaintiff alleged that it owns the '225 Patent, including the right to enforce U.S. Patent No. 10,514,225 ("the '225 Patent"). ECF No. 1, ¶ 17. Further, Plaintiff alleged that Defendant "directly infringes at least claim 1 of the '225 Patent … by making, having made, importing, supplying, distributing, selling (directly or through intermediaries), and/or offering for sale, the Death Grip Tripod." *Id*. at ¶ 20. Finally, Plaintiff alleged that Defendant's infringement "has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of AOB's rights under the '225 Patent." *Id*. at ¶ 39. Because Defendant failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment of Count I for patent infringement of the '225 Patent against Defendant.

### C. PLAINTIFF IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF

Plaintiff respectfully requests entry of a permanent injunction enjoining Defendant from infringing or otherwise violating Plaintiff's rights in the '225 Patent. To obtain a permanent injunction, the plaintiff must establish: (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3)

considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 390 (2006). As discussed below, Plaintiff has established each of these prongs. Thus, Plaintiff is entitled to injunctive relief so it can take action against any new e-commerce stores selling infringing products linked to Defendant. *See, e.g., Tuf-Tite, Inc. v. Fed. Package Networks, Inc.*, 2014 U.S. Dist. LEXIS 163352, at *29 (N.D. Ill. 2014); *Scholle Corp. v. Rapak LLC*, 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1178–79 (D. Nev. 2016). Infringing products include the products identified in the Complaint and substantially similar products linked to the Defendant through its storefront.

        **1.**        **Damages are inadequate to address Plaintiff's irreparably injury**

"The patent statute provides injunctive relief to preserve the legal interests of the parties against future infringement which may have market effects never fully compensable in money. Because the principal value of a patent is its statutory right to exclude, the nature of the patent grant weighs against holding that monetary damages will always suffice to make the patentee whole." *Reebok Int'l, Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1557 (Fed. Cir. 1994) (internal citation omitted). Courts recognize that "reputational harm resulting from confusion between products 'is a type of harm that is often not fully compensable by money because the damages caused are speculative and difficult to measure.'" *Black & Decker Inc. v. Robert Bosch Tool Corp.,* No. 04 C 7955, 2006 WL 3446144, at *4 (N.D. Ill. Nov. 29, 2006) quoting *Reebok*, 32 F.3d at 1558.

Defendant's infringing conduct "has caused, and will continue to cause, AOB to suffer substantial and irreparable harm." ECF No. 1, ¶ 33. Namely, Defendant's infringing activity has disrupted Plaintiff's customer relationships. *Id*., ¶ 36. Other remedies, including monetary relief, would be inadequate because Plaintiff would continue to lose market share, suffer irreparable harm

4

through price erosion, and be deprived of its ability to maintain and form customer relationships. *Id.*, ¶¶ 34–39. Thus, the first two factors support a permanent injunction.

### 2. The balance of hardship and public interest supports an injunction

The balance of hardship also weighs in favor of Plaintiff because harm that could be caused by future infringement outweighs any hardship that Defendant may experience. In short, Defendant should not be permitted to profit from infringing Plaintiff's intellectual property. Finally, the public interest favors enforcement of patent rights. *Abbott Labs. v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006). As Plaintiff's well pled allegations are taken as true, Defendant infringement is willful, and the injunction would provide Plaintiff an adequate remedy to enforce its patent rights. In sum, each factor weighs in favor of entry of a permanent injunction prohibiting Defendant's manufacture, use, offer to sell, or sell products infringing the '225 Patent. Thus, Plaintiff respectfully requests entry of a permanent injunction.

Date: October 2, 2024	Respectfully submitted,

/s/ Devon C. Beane
Devon C. Beane (IL6303129)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
devon.beane@klgates.com

*Attorney for Plaintiff AOB Products Company*